UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JODY LEE JOHNSON          :
                          :
v.                        :     C.A. No. 21-00433-WES
                          :
PATRICIA A. COYNE-FAGUE   :

**MEMORANDUM AND ORDER**

Before this Court is Petitioner's Motion to Appoint Counsel. (ECF No. 2). The Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). For the reasons set forth below, Petitioner's Motion is DENIED.

The Court may appoint an attorney pursuant to 18 U.S.C. § 3006A(a)(2)(B) if "the interests of justice so require," however, there is no absolute right to an attorney in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991). Before appointing an attorney, the Court must look to the type and complexity of the case and the ability of Petitioner to prosecute it. Id. This analysis also applies to persons, such as Petitioner, seeking habeas corpus relief. Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003) ("[t]he decision to appoint counsel is discretionary, as 'an indigent civil litigant in federal court has no constitutional or statutory right to the appointment of counsel, even if he is challenging a criminal conviction as by a proceeding such as this for habeas corpus.'") (citation omitted). Petitioner bears the burden of demonstrating that "exceptional circumstances [a]re present such that a denial of counsel [i]s likely to result in fundamental unfairness impinging on his due process rights." DesRosiers, 949 F.2d at 23. In this case, Petitioner has not demonstrated "exceptional circumstances" sufficient to convince the Court that he is entitled to appointed counsel in this civil action.

-2-

From a review of the documents filed in this case to the present time, the Court finds that Petitioner has the capacity to prosecute the claim and that Petitioner has a basic understanding of the legal procedures to be followed.  Thus, the Court determines that Petitioner does not, at this time, meet the test for appointment of counsel and will, therefore, be required to prosecute this action by himself.

IT IS THEREFORE ORDERED that Petitioner's Motion to Appoint Counsel (ECF No. 2) is DENIED without prejudice.

SO ORDERED


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 17, 2021